IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESSIE FOSTER, | § | |
| *Plaintiff,* | § § § | |
| vs. | § § | CIVIL NO. SA-18-CV-00096-FB |
| DOLLAR TREE STORES, INC., JOHN/JANE DOE, | § § § | |
| *Defendants.* | § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Fred Biery:**

This Report and Recommendation concerns Plaintiff's Response to Defendant's Notice of Removal and Plaintiff's Motion for Remand, and Alternatively Motion to Enter *Sua Sponte* Order [#10] and Defendant's Consent to Plaintiff's Motion to Remand [#11]. This case was referred to the undersigned for all pretrial proceedings on February 14, 2018 pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the Court should grant Plaintiff's motion and remand this case to the County Court at Law No. 10 in Bexar County, Texas.

### I. Analysis

Plaintiff Jessie Foster originally filed this action in the County Court at Law No. 10 in Bexar County against Defendants Dollar Tree Stores, Inc. d/b/a Dollar Tree and John/Jane Doe. (Orig. Pet. [#1-3].) In his Original Petition, Plaintiff alleges that he was the victim of a slip-and-fall incident at a Dollar Tree store located in San Antonio and accuses Defendants of negligence. Plaintiff's Petition seeks $70,000.00 in damages. (*Id.* at 5.) Defendant Dollar Tree Stores

1

("Dollar Tree") removed the Petition to this Court on January 30, 2018 on the basis of diversity jurisdiction. (Notice of Removal [#1].) In the Notice of Removal, Dollar Tree acknowledged that Plaintiff is only seeking damages in an amount of $70,000.00, but nonetheless asserted that Plaintiff's Petition satisfied the amount-in-controversy requirement set forth in 28 U.S.C. § 1332. (*Id.* at ¶¶ 6–9.)

Plaintiff filed his Motion to Remand [#10] on October 3, 2018, arguing that Dollar Tree failed to establish that the amount in controversy exceeds $75,000.00 for purposes of diversity jurisdiction.[1] Dollar Tree filed its response to the motion [#11] that same day, conceding that the amount in controversy does not exceed $75,000.00 and agreeing that this action should be remanded to Bexar County Court at Law No. 10. Accordingly, the Court should grant Plaintiff's motion.

## II. Conclusion and Recommendations

Having considered Plaintiff's motion to remand, Defendant's response in support of remand, the pleadings, and the governing law, the undersigned recommends that Plaintiff's Motion for Remand, and Alternatively Motion to Enter *Sua Sponte* Order [#10] be **GRANTED** and this case be **REMANDED** to the County Court at Law No. 10 in Bexar County, Texas.

## III. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be

---

[1] A motion for remand based on any defect other than lack of subject-matter jurisdiction must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). A motion for remand based on lack of subject-matter jurisdiction may be filed at any time. *Id.*

2

filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 4th day of October, 2018.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE